# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HAROLD D. HORNSBY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-09-418-R |
| ) | |
| JUSTIN JONES, et al., ) | |
| ) | |
| Respondent. ) | |

## ORDER

Petitioner filed this action seeking a writ of habeas corpus, ostensibly pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(b)(1)( B), the matter was referred to United States Magistrate Judge Bana Roberts, for preliminary review. On December 29, 2009, Judge Roberts issued a Report and Recommendation, wherein she recommended that the petition be construed as having been filed pursuant to 28 U.S.C. § 2241, and that it be dismissed without prejudice, as it failed to state a ground for relief.

In light of Petitioner's objection to the Report and Recommendation, the Court must make a **de novo** review of those portions of the Report and Recommendation to which Petitioner makes specific objection. Having conducted this review, the Court hereby adopts the Report and Recommendation and dismisses this action for failure to state a claim.

With regard to Petitioner's first ground for relief, wherein he complained that he was denied due process with regard to two prison disciplinary hearings, Judge Roberts concluded that because Petitioner had not alleged atypical conditions during his time in disciplinary segregation at the Oklahoma State Reformatory, and because he did not lose any earned credits or suffer any

punishment that invariably impacted the duration of his sentence, that he had no protected liberty interest that entitled him to due process.[1]

Although Petitioner contends that he was deprived of due process with regard to his particular classification level, Judge Roberts correctly concluded in the Report and Recommendation that Petitioner had no constitutionally protected liberty interest in the opportunity to earn good time credits or to a particular classification level. The same holds true for Petitioner's transfer to the Oklahoma State Penitentiary; Petitioner had no liberty interest in being housed in a facility that is less than maximum security.

Petitioner asserts that he had a contractual right to have the governor sign his parole release papers upon completion of the stipulation set forth by the Oklahoma Pardon and Parole Board, wherein it set as a pre-condition for parole that Petitioner complete a course entitled "Thinking for a Change." Thus, Petitioner contends, he was deprived of a liberty interest without due process when he was not released after completion of the course in May 2008. Petitioner contends he was further denied liberty without due process when without notice, the Board of Pardon and Parole revoked its recommendation for parole in October of that same year, following the improperly imposed discipline.

Until such time as the governor accepts the recommendation of the Board of Pardon and Parole, Petitioner had no liberty interest in release. As such, Petitioner's contentions that he was deprived of a liberty interest without due process because he was not released in May 2008 after

---

[1] Judge Roberts noted that Petitioner had been punished with the imposition of 22 days of segregation. In his proposed amended petition, Petitioner asserts that at the Oklahoma State Reformatory he was subjected to segregation from August 8, 2008 until September 28, 2008, not merely twenty-two days. He does not, however, allege that the conditions therein were atypical of those suffered by other inmates at that institution.

completion of "Thinking for a Change" or because he was not given a hearing and an opportunity to address the Board before it made its decision to revoke it recommendation are without merit, and the Report and Recommendation is adopted in this regard.

Finally, to the extent Petitioner is seeking to challenge the conditions of confinement, such claims must be pursued under 42 U.S.C. § 1983. Petitioner alleges in support of his request for amendment that he is seeking relief under 42 U.S.C. § 2241, 2254, and 2242. Additionally, the relief he seeks is expungement of the disciplinary convictions, which he hopes will result in his parole. Accordingly, because Petitioner essentially disavows that he is seeking relief under 42 U.S.C. § 1983, to the extent he complains about the conditions of confinement in a manner that is not subject to habeas corpus review, he has failed to state a claim.

Judge Roberts recommended that Petitioner's request for a preliminary injunction be denied. Since initiating this action, Petitioner has been transferred to the Lexington Area Correctional Facility, a medium security facility. Accordingly, his claims regarding greater access to a law library at the Oklahoma State Penitentiary are moot. To the extent Petitioner seeks to force Department of Corrections' officials to conduct a custody assessment, his claims are moot as well, because he has been transferred to a medium security facility. Accordingly, Petitioner is not entitled to the relief requested in this portion of the original petition either.

At the same time he filed his objection to the Report and Recommendation, Petitioner sought leave to amend. Generally speaking, Petitioner's proposed amendment seeks to add additional detail to the allegations contained in his first amended petition. The Court concludes that leave to amend can be denied in this case, because although Petitioner alleges that he was placed in administrative segregation after he was transferred to the Oklahoma State Penitentiary, and he alleges facts that

could support his contention that conditions in Oklahoma State Penitentiary administrative segregation were atypical so as to give rise to a liberty interest, *see Sandin v. Conner*, 515 U.S. 472, 483-84 (1995), he has alleged no facts that indicate that he grieved his placement in long-term administrative segregation to Oklahoma State Penitentiary officials. As such, amendment to add a claim would be futile. If Petitioner believes he can establish a 28 U.S.C. § 2241 claim arising from his administrative segregation at the Oklahoma State Penitentiary, he may file a separate habeas petition.

For the reasons set forth herein, the Petitioner's motion to amend is DENIED. The Report and Recommendation is ADOPTED, and the amended petition is DISMISSED WITHOUT PREJUDICE. To the extent Petitioner is seeking relief under 42 U.S.C. § 1983 for the conditions of confinement, he should pursue his claims by filing the appropriate pleadings for such an action. Judgment shall be entered in favor of the Respondent.

IT IS SO ORDERED this 17th day of February 2010.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE